# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

*In re* Yapstone Data Breach

Case No. 4:15-CV-04429-JSW

Hon. Jeffrey S. White

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVING NOTICE PROGRAM**

WHEREAS, a consolidated class action is pending before the Court entitled *In re Yapstone Data Breach,* Case No. 4:15-CV-04429-JSW; and

WHEREAS, Plaintiffs (also referred to as "Consumer Plaintiffs" or "Settlement Class Representatives" for purposes of the Settlement Agreement), for themselves and on behalf of the Settlement Class, and Yapstone Holdings, Inc., formerly known as Yapstone, Inc., ("Yapstone") have entered into a Settlement Agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Consumer Action with prejudice as to Yapstone for the claims of the Settlement Class upon the terms and conditions set forth in the Settlement Agreement, and the Court having read and considered the Settlement Agreement and exhibits attached thereto;

This matter coming before the Court upon the agreement of the Parties and the motion of Plaintiffs seeking preliminary approval of the Settlement Agreement, good cause being shown, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1.  Terms and phrases in this order shall have the same meaning as ascribed to them in the Parties' Settlement Agreement.

Settlement Class Certification

2.  A class (the "Settlement Class") is certified for settlement purposes only.

    a.  The Settlement Class is defined to include: "All persons or entities who were sent an Incident Notice."

    b.  The Settlement Class satisfies the requirements for class certification under Fed. R. Civ. P. 23(a). It consists of approximately 182,500 individuals, there are questions of law or fact common to the Settlement Class, Plaintiffs' claims are typical of those of the Settlement Class, and Plaintiffs will fairly and adequately protect the interests of the Settlement Class.

    c.  In addition, the questions of law or fact common to the Settlement Class predominate over any individual questions, and the class action mechanism

1

is superior to other available methods for the fair and efficient adjudication of this controversy.  Consequently, the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(b)(3).

3. The Court hereby appoints Plaintiffs Jonathan Koles, Christopher Bonnema, Daniel Adams, James Mitchell, and Robert McGuire as Settlement Class Representatives.

4. The Court hereby appoints Tina Wolfson and Robert Ahdoot of Ahdoot & Wolfson, PC as Class Counsel as Class Counsel.

Preliminary Approval

5. Plaintiffs have moved the Court for an order approving the settlement of the Consumer Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Consumer Action with prejudice against Yapstone.  The Court, having read and considered the Settlement Agreement and having heard the Parties and being fully advised in the premises, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in Paragraph 18 of this order.

6. This Court finds that it has jurisdiction over the subject matter of this action and over all Parties to the Consumer Action, including all members of the Settlement Class.

7. The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement falls within the range of possible approval as fair, reasonable, adequate, and in the best interests of the Settlement Class as to their claims against Yapstone.  The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides beneficial relief to the Settlement Class.  The Court also finds that the Settlement Agreement: (a) is the result of serious, informed, non-collusive arms' length negotiations involving experienced counsel familiar with the legal and factual issues of this case and made with the assistance of Hon. Richard Kramer (Ret.) of JAMS; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and the Class

2

Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by Yapstone.

Notice and Administration

8. Kurtzman Carson Consultants LLC ("KCC") is hereby appointed as Settlement Administrator and shall perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this order.

9. The Court finds that the notice plan and all forms of Notice to the Class as set forth in the Settlement Agreement and Exhibits E and G thereto (the "Notice Program") is reasonably calculated to, under all circumstances, apprise the members of the Settlement Class of the pendency of this action, the certification of the Settlement Class, the terms of the Settlement Agreement, and the right of members to object to the settlement or to exclude themselves from the Class. The Notice Program is consistent with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.

10. The Court thus hereby approves the Notice Program, including the proposed Notice documents attached as Exhibits E and G to the Settlement Agreement. The Court also approves the plan for Claims administration, including the Claim Form attached as Exhibit C to the Settlement Agreement. The Parties may, by agreement, revise the Notice or Claim Form documents in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

11. Pursuant to the Settlement Agreement, within ten (10) calendar days after the entry of the Preliminary Approval Order and to be substantially completed no later than the Notice Deadline, and subject to the requirements of the Settlement Agreement and this Preliminary Approval Order, the Parties shall coordinate with the Settlement Administrator to provide Notice pursuant to the Notice Program as follows:

    a. The Settlement Administrator shall send the Summary Notice via e-mail to all Settlement Class Members for whom Yapstone can ascertain an e-mail address from its records;

3

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVING NOTICE PROGRAM - CASE NO. 4:15-CV-04429-JSW

      b.      In the event an e-mail address for a Settlement Class Member cannot be ascertained by Yapstone or the Settlement Administrator learns (through an email "bounce-back" or otherwise) that the e-mail address in Yapstone's records is invalid, the Settlement Administrator shall send the Summary Notice via U.S. Mail to all Settlement Class Members for whom Yapstone can ascertain a mailing address from its records.  For any Mail Notices that are returned undeliverable with forwarding address information, the Settlement Administrator shall re-mail the Summary Notice to the updated address as indicated.  For any U.S. Mailed Summary Notices that are returned undeliverable without forwarding address information, the Settlement Administrator shall use reasonable efforts to identify updated mailing addresses (such as running the mailing address through the National Change of Address Database) and re-mail the Summary Notice to the extent updated addresses are identified.  The Settlement Administrator need only make one attempt to re-mail any Summary Notices that are returned as undeliverable;

      c.      Publishing, on or before the Notice Date, the Long Form Notice on the Settlement Website, as specified in the Preliminary Approval Order and as set forth in the Declaration of the Settlement Administrator, attached hereto as Exhibit H; and

      d.      Providing the Internet URL address of the Settlement Website (www.yapstonesettlement.com) in the Long Form Notice and the Summary Notice.

12.     Redemption Claimants who wish to receive their benefits under the Settlement Agreement must complete and submit a valid Claim Form.  All Claim Forms must be postmarked or received by the Settlement Administrator not later than one hundred and eighty (180) days after the Notice Deadline (the "Claims Deadline").

4

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVING NOTICE PROGRAM - CASE NO.  4:15-CV-04429-JSW

Exclusion

13.     Settlement Class Members who wish to exclude themselves from the Settlement Class for purposes of this Settlement may do so by submitting a request for exclusion to the Settlement Administrator not later than forty-five (45) days after the Notice Deadline (the "Opt-Out Deadline").  The request for exclusion must comply with the exclusion procedures set forth in the Settlement Agreement and include from the Settlement Class Member (a) their full name (first, middle, last and any suffix); (b) email address and mailing address; (c) a clear statement communicating that they elect to be excluded from the Settlement Class, do not wish to be a Settlement Class Member, and elect to be excluded from any judgment entered pursuant to the Settlement; (d)  the case name and case number; and (e) their signature.  A request for exclusion may not request exclusion of more than one member of the Settlement Class.

14.     Any member of the Settlement Class who timely requests exclusion consistent with these procedures may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement.  However, Settlement Class Members who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment, regardless of whether they have requested exclusion from the Settlement.

Objections

15.     Any member of the Settlement Class who has not timely filed a request for exclusion may object to the granting of final approval to the settlement.  Settlement Class Members may object on their own, or may do so through separate counsel at their own expense.

16.     Any written objection to the Settlement must: (i) provide identifying information of the objector, including the full legal name, address, phone number, and the same contact information for any counsel representing the objector; (ii) clearly identify the case name and number; (iii) include a statement containing the basis and reasons for the objection, and the amount of time for speaking that will be requested by the objector at the Fairness Hearing; (iv) be submitted to the Court by filing the written objection through the Court's Case

5

Management/Electronic Case Files system, by mailing the written objection to the Class Action Clerk for United States District Court for the Northern District at 1301 Clay Street, Oakland, California 94612, or by filing the written objection in person at any location of the United States District Court for the Northern District of California; and (v) be filed or postmarked on or before the motion for final approval deadline provided in the Court's Preliminary Approval Order. If the objector is represented by counsel, said counsel shall request admission to the Northern District of California for the purposes of the objection.

17. Any member of the Settlement Class who fails to file and serve a timely written objection in compliance with the requirements of this order and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement.

<u>Fairness Hearing</u>

18. A fairness hearing (the "Final Approval Hearing" or "Fairness Hearing") shall be held before this Court on <u>August 4, 2017 at 9:00</u> in Courtroom 5 on the 2nd Floor of the Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612 to consider: (a) whether the proposed settlement of the Consumer Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be given final approval by the Court; (b) whether a final judgment should be entered; (c) whether to award payment of attorneys' fees, costs, and expenses to Class Counsel and in what amount; and (d) whether to award payment of a service award to the Settlement Class Representatives and in what amount. The Court may adjourn the Fairness Hearing without further notice to Class Members.

19. By no later than fourteen (14) days prior to the Objection Deadline, papers supporting the Fee Award shall be filed with the Court and posted to the settlement website.

20. Papers in support of final approval of the Settlement Agreement shall be filed with the Court no later than 14 days prior to the Objection Deadline.

<u>Further Matters</u>

21. In order to protect its jurisdiction to consider the fairness of the Settlement

6

[~~PROPOSED~~] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVING NOTICE PROGRAM - CASE NO. 4:15-CV-04429-JSW

Agreement and to enter a final order and judgment having binding effect on all Settlement Class Members, the Court hereby enjoins all members of the Settlement Class, and anyone who acts or purports to act on their behalf, from pursuing all other proceedings in any state or federal court that seeks to address rights or claims of any Released Party or Settlement Class Member relating to, or arising out of, any of the Released Claims.

22. Settlement Class Members shall be bound by all determinations and judgments in the Consumer Action concerning the Consumer Action and/or Settlement Agreement, whether favorable or unfavorable.

23. All discovery and pretrial proceedings and deadlines are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

24. In the event that the Settlement Agreement is terminated pursuant to the provisions of the Settlement Agreement, then certification of the Settlement Class will be vacated (if applicable), and the Parties will be returned to their positions *status quo ante* with respect to the Consumer Action as if the Settlement had not been entered into. In the event the Final Judgment is not achieved: (a) any court orders preliminarily or finally approving the certification of any Class contemplated by the Settlement and any other orders entered pursuant to the Settlement Agreement shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity in support of claims or defenses or in support of or in opposition to a class certification motion; and (b) the Settlement Agreement will become null and void (with the exception Paragraphs 99 and 100 therein) and shall have no force or effect, the Parties shall not be bound by the Settlement, the Parties will be returned to their respective positions existing immediately before the execution of the Settlement, and all of the Parties' respective pre-Settlement claims and defenses will be preserved, and the fact of the Settlement, that Yapstone did not oppose the certification of any class under the Settlement, or that the Court approved the certification of a Settlement Class, shall not be used or cited thereafter by any person or entity, including in any contested proceeding relating to the certification of any class.

7

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVING NOTICE PROGRAM - CASE NO. 4:15-CV-04429-JSW

**IT IS SO ORDERED.**

Dated: March 2, 2017

_____
HON. JEFFREY S. WHITE

8

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVING NOTICE PROGRAM - CASE NO. 4:15-CV-04429-JSW