# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re* Yapstone Data Breach | Case No. 4:15-CV-04429-JSW<br><br>Hon. Jeffrey S. White<br><br>[~~PROPOSED~~] **ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT** |

This matter came on for hearing on August 4, 2017. The Court has considered the Settlement Agreement and Release dated January 20, 2017 ("Settlement Agreement"), entered into between Plaintiffs Jonathan Koles, Christopher Bonnema, Daniel Adams, James Mitchell, and Robert McGuire (also referred to as "Consumer Plaintiffs" or "Settlement Class Representatives" for purposes of the Settlement Agreement), and defendant Yapstone Holdings, Inc., formerly known as Yapstone, Inc. ("Yapstone") (collectively, the "Parties"), together with all exhibits thereto, all oral and/or written objections and comments received regarding the Settlement Agreement, the arguments and authorities presented by the Parties and their counsel, and the record in the Consumer Action, and good cause appearing, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1.  For purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of the Consumer Action, over the Consumer Plaintiffs, the Settlement Class Members, and Yapstone, and venue is proper in this District.

3. Pursuant to Federal Rule of Civil Procedure 23, and only for purposes of the Settlement and pursuant to the Settlement Agreement, the Court reaffirms that it is proper to certify, and hereby does finally certify, for settlement purposes only, the following "Settlement Class": All persons or entities who were sent an Incident Notice.

4. Excluded from the Settlement Class are those persons listed on Exhibit A hereto. The persons listed on Exhibit A hereto submitted timely and valid requests to be excluded from the Settlement Class, according to the Settlement Administrator's records, and are hereby excluded from the Settlement Class, are not Settlement Class Members as that term is defined in the Settlement Agreement and used herein, and shall not be bound by this Order, any release provided herein, or the Final Judgment entered in connection with this Order.

5. The Court reaffirms that Class Counsel and Settlement Class Representatives have fairly and adequately represented the interests of the Settlement Class Members.

6. The Court finds that the Parties complied with the notice provisions set forth in the Class Action Fairness Act, 28 U.S.C. § 1715.

7. The Court finds that the Notice Program has been implemented by the Settlement Administrator and the Parties, and that such Notice Program, including the utilized forms of Notice, constitutes the best notice practicable under the circumstances and fully satisfied due process, the requirements of Rule 23 of the Federal Rules of Civil Procedure, and all other applicable laws.

8. The Court finds that the Settlement Agreement, including the exhibits thereto, is fair, reasonable, and adequate, is in the best interests of the Settlement Class Members, has been entered into in good faith, and should be and hereby is fully and finally approved pursuant to Federal Rule of Civil Procedure 23.

9. The Court has specifically considered the factors relevant to class settlement approval. *See, e.g., Churchill Vill., L.L.C. v. Gen. Elec.,* 361 F.3d 566 (9th Cir. 2004). The Court finds that the Settlement is fair, reasonable, and adequate to all concerned given, *inter alia*: the significant relief provided for the Settlement Class pursuant to the Settlement; the substantial discovery and litigation that has already occurred in this case; the strengths of Plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout trial; the experience and views of Class Counsel; and the positive reaction of the Settlement Class.

10. The Court has also scrutinized the Settlement Agreement and negotiation history for any signs of potential collusion (*see, e.g., In re Bluetooth Headset Products Liability Litigation,* 654 F.3d 935 (9th Cir. 2011)), and finds that the Settlement Agreement is not the product of collusion. This finding is supported by, among other things: the fact that the Settlement Agreement was negotiated by experienced, well-qualified counsel and with the active involvement and assistance of a neutral, well-qualified mediator; the Settlement provides substantial monetary and other benefits to Settlement Class Members, and such benefits are not disproportionate to the attorneys' fees, costs, and expenses awarded to Class Counsel; the benefits provided to Settlement Class Members are appropriate under the circumstances of this Consumer Action; and the Parties negotiated the attorneys' fees, costs, and expenses only after reaching an agreement in principle as to the substantive elements of the Settlement.

11. The Court received no objections.

12. The Parties and Settlement Administrator are hereby directed to implement the Settlement Agreement in accordance with the terms and provisions thereof, including the processing of claims by Redemption Claimants and distribution of the Settlement Fund, equally, to the following Internal Revenue Code § 501(c)(3) non-profit organizations: Public Justice and the UC Berkeley School of Information, Center For Long-Term Cybersecurity.

13. As of the Effective Date, the Releasing Parties shall be deemed to have, and by operation of this Order and the Final Judgment entered in connection with this Order shall have,

fully and irrevocably released and forever discharged the Released Parties from all Released Claims, as more fully set forth in Section IX of the Settlement Agreement.

14. As of the Effective Date, the Releasing Parties shall further be deemed to have waived and released any and all provisions, rights and benefits conferred by Section 1542 of the California Civil Code or similar laws of any other state or jurisdiction.

15. The Court hereby dismisses the Consumer Action with prejudice. The Releasing Parties are hereby permanently barred and enjoined (including during the pendency of any appeal taken from this Order or from the Final Judgment entered in connection with this Order) from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any Released Claims, as set forth in Section IX of the Settlement Agreement, in any judicial, administrative, arbitral or other forum, against any of the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Order, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

16. Nothing in this Order or in the Final Judgment entered in connection with this Order shall preclude any action to enforce the terms of the Settlement Agreement.

17. Without affecting the finality of this Order in any way, the Court hereby retains continuing and exclusive jurisdiction over the Consumer Action, the Parties, Class Counsel, and Settlement Class Members for the purpose of administering, supervising, construing, and enforcing this Order and the Settlement Agreement in accordance with its terms.

18. Neither this Order, the Final Judgment entered in connection with this Order, nor the Settlement Agreement (nor any other document referred to herein, nor any action taken to carry out this Order or the accompanying Final Judgment) shall be construed as or used as an admission or concession by or against Yapstone or the Released Parties regarding the validity of any claim or defense or any actual or potential fault, wrongdoing, or liability whatsoever.

19. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement and to make

other non-material modifications, in implementing the Settlement Agreement, that are not inconsistent with this Order.

20. The Clerk shall enter Final Judgment, consistent with this Order, forthwith.

**IT IS SO ORDERED.**

Dated: August 8, 2017

_____
HON. JEFFREY S. WHITE