UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re* Yapstone Data Breach | Case No.  4:15-CV-04429-JSW |
| | Hon. Jeffrey S. White |
| | **[PROPOSED]** **FINAL JUDGMENT** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

A Final Approval Hearing was held before this Court on August 4, 2017, to consider, among other things, whether the Settlement Agreement and Release dated January 20, 2016, including the exhibits attached thereto (the "Settlement Agreement") between the Plaintiffs (also referred to as the "Consumer Plaintiffs" or "Settlement Class Representatives" for purposes of the Settlement Agreement), on behalf of themselves and the Settlement Class, by and through Class Counsel, and defendant Yapstone Holdings, Inc., formerly known as Yapstone, Inc. ("Yapstone"), by and through Defense Counsel, represents a fair, reasonable and adequate settlement of the Consumer Action, as well as the amount to be paid to Class Counsel as fees, expenses, and litigation costs for prosecuting the Consumer Action and service awards to be paid to the Settlement Class Representatives.

Based on the Settlement Agreement, the Plaintiffs' Motion for Final Approval of Class Action Settlement (ECF No. 77), Class Counsel's Motion for an Award of Attorneys' Fees, Costs, and Expenses and Service Awards for Settlement Class Representatives (ECF No. 88), the submissions of the Settlement Class Representatives and Yapstone in support of final approval of the settlement and all prior proceedings herein and good cause appearing based on the record, the Court **ORDERS, ADJUDGES AND DECREES** as follows:

1.     The Court, for purposes of this Final Judgment adopts the defined terms as set forth in the Settlement Agreement for any term not otherwise defined herein.  *See* Settlement Agreement (ECF No. 73).

2.     The Court has jurisdiction over the subject matter of the Consumer Action and personal jurisdiction over the Parties and Settlement Class Members.

3.     On March 2, 2017, the Court entered an Order Certifying a Settlement Class, Preliminarily Approving Class Action Settlement and Directing Notice to the Settlement Class, (ECF No. 75) ("Preliminary Approval Order") that certified the Settlement Class only for purposes of and pursuant to the Settlement Agreement, preliminarily approved the Settlement Agreement, directed notice of the proposed settlement to the Settlement Class, and established a hearing date to consider the final approval of the Settlement Agreement, Class Counsel's request

for service awards to the Settlement Class Representatives (the "Service Awards") and Class Counsel's Fee Request.

4.      In the Preliminary Approval Order, the Court approved the Notice Program, the Notices and Claim Form, and found that the form, content and method of giving notice to the Settlement Class constitute the best practicable notice to the Settlement Class and are reasonable. A declaration confirming that the Notices have been emailed, mailed, and distributed pursuant to the Notice Program and the Preliminary Approval Order has been filed with the Court. *See* Declarations of Marc Wall.  The Court finds that the distribution of the Notices has been achieved pursuant to the Preliminary Approval Order and the Settlement Agreement.

5.      The Notices and the Notice Program provided the best notice practicable under the circumstances to the Settlement Class Members and fully satisfied the requirements of due process under the United States Constitution and Federal Rule of Civil Procedure 23.  Based on the evidence and information supplied to the Court in connection with the Final Approval Hearing held on August 4, 2017, the Court finds that the Notices were adequate and reasonable. The Court further finds that through the Notices, the Settlement Class Members have been apprised of the nature and pendency of the Consumer Action, the terms of the Settlement Agreement, as well as their rights to request exclusion, object, and/or appear at the final approval hearing.

6.      The Court finds that Yapstone has complied with the requirements of 28 U.S.C. § 1715.

7.      The Court finds that the Settlement Class Representatives are similarly situated to absent Settlement Class Members and are typical of the Settlement Class and are adequate Settlement Class Representatives, and that Class Counsel and the Settlement Class Representatives have fairly and adequately represented the Settlement Class.  The Court grants final approval to its appointment of Settlement Class Representatives as provided in the Preliminary Approval Order at ¶ 3 (ECF No. 75), appointing as Settlement Class Representatives

the Plaintiffs named in the First Amended Consolidated Class Action Complaint, namely, Jonathan Koles, Christopher Bonnema, Daniel Adams, James Mitchell, and Robert McGuire.

8.     For purposes of the Settlement and pursuant to the Settlement Agreement, the Court certifies the following Settlement Class under Fed. R. Civ. P. 23(a) and 23(b)(3):

> All persons and entities who were sent an Incident Notice.
>
> Excluded from the Settlement Class is any judge presiding over this matter and any members of their first degree relatives, judicial staff, the officers and directors of Yapstone, and persons who timely and validly request exclusion from the Settlement Class .

9.     Excluded from the Settlement Class are those persons identified in Exhibit A to the Final Approval Order (ECF No. 85), who submitted timely and valid requests for exclusion from the Class ("Opt-Outs"). Opt-Outs shall not receive any benefits of the Settlement Agreement and shall not be bound by this Final Judgment.

10.     For purposes of the Settlement and pursuant to the Settlement Agreement, the Court finds that the Settlement Class defined above satisfies the requirement of Fed. R. Civ. P. 23(a) and (b)(3) in that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Settlement Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Settlement Class Representatives and Class Counsel have fairly and adequately protected the interests of the Settlement Class, as the Settlement Class Representatives have no interest antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement are superior to other methods available for a fair and efficient resolution of this controversy.

11.     The Court approves the settlement of the Consumer Action as set forth in the Settlement Agreement and finds that the settlement is in all respects fair, reasonable, adequate and is in the best interests of the Settlement Class members.  The Court further finds that the

- 4 -

Settlement Agreement was the product of an arm's-length negotiation conducted in good faith by the Parties and their experienced counsel.  The Court directs the Parties to perform in accordance with the terms of the Settlement Agreement and the Orders of this Court.

12.     The Court approves the Settlement Consideration described in, and pursuant to, the Settlement Agreement. The Court orders Yapstone to distribute the Settlement Fund on behalf of the Settlement Class, equally, to the following Internal Revenue Code § 501(c)(3) non-profit organizations: Public Justice and the UC Berkeley School of Information, Center for Long-Term Cybersecurity.  The Court further orders Yapstone to commence ProtectMyID$^{®}$ Services for Redemption Claimants in accordance with the Settlement Agreement, and to provide all other Considerations set forth in the Settlement Agreement.

13.     The Court finds that the Parties face significant risks, expenses, delays and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class Members.  The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the tremendous expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

14.     The Court received no objections to the Settlement Agreement, the Fee Request, or the Service Awards Request filed with the Court or submitted by Class Counsel with the Motion for Final Approval.

15.     As of the Effective Date, the Releasing Parties shall automatically be deemed to have fully and irrevocably released and forever discharged the Released Parties of and from any and all Released Claims.

16.     As of the Effective Date, the Released Parties will be deemed to have completely released and forever discharged the Releasing Parties and Class Counsel from and for any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands, of any kind

whatsoever, whether known or unknown, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any known or unknown claims, which they have or may claim now or in the future to have, relating to the institution, prosecution, or settlement of the Consumer Action.

17.     For the avoidance of doubt, the Released Claims include any existing or potential claims that a Releasing Party under the law of any jurisdiction, including, without limitation, those arising under state or federal law of the United States (including, without limitation, any causes of action under Cal. Bus. & Prof. Code § 17200, *et seq.*, Cal. Civ. Code § 1798.80, *et seq.*, N.J.S.A. 56:8-1, *et seq.*, Minn. Stat.§ 325F.68, *et seq.*, Minn. Stat. § 8.31, *et seq.*, Minn. Stat. § 325D.43, *et seq.*, Minn. Stat.§325E.61, *et seq.*, N.J.S.A. 56:8-163, *et seq.*, Nev. Rev. Stat. § 598.0915, *et seq.*, Nev. Rev. Stat. § 41.600, *et seq.*, N.R.S. 603A.010, *et seq.*, and any similar statutes or data breach notification statutes in effect in the United States or in any states in the United States); causes of action under the common or civil laws of any state in the United States, including but not limited to: unjust enrichment, negligence, bailment, conversion, negligence per se, breach of contract, breach of implied contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, misrepresentation (whether fraudulent, negligent, or innocent), fraudulent concealment or nondisclosure, invasion of privacy, public disclosure of private facts, and misappropriation of likeness and identity; any causes of action based on privacy rights provided for under the constitutions of the United States or of any states in the United States; and also including, but not limited to, any and all claims in any state or federal court of the United States, for damages, injunctive relief, restitution, disgorgement, declaratory relief, equitable relief, attorneys' fees, costs, and expenses, pre-judgment interest, credit or financial account monitoring services, identity theft insurance, the creation of a fund for future damages, statutory penalties, restitution, the appointment of a receiver, and any other form of relief. The Released Claims do not include any claims arising from or relating to any conduct by a Releasing Party after the date the Agreement is executed.

18.     It is the intention of the Parties and the Settlement Class Members that, upon the Effective Date, each of the Releasing Parties shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted (a) by section 1542 of the California Civil Code, or (b) by any law of any state or territory of the United States, federal law, or principle of common law which is similar, comparable, or equivalent to section 1542 of the California Civil Code, the provisions, rights and benefits of any statute or law which might otherwise render a general release unenforceable with respect to unknown claims.  Section 1542 of the California Civil Code reads:

> Section 1542.  General Release, extent.  A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Each of the Releasing Parties shall be deemed to have acknowledged, and by operation of the Final Judgment acknowledges, that he/she/it is aware that he/she/it may hereafter discover facts other than or different from those that they know or believe to be true with respect to the subject matter of the Released Claims, but it is his/her/its intention to, and each of them shall be deemed upon the Effective Date to have, waived and fully, finally, and forever settled and released any and all Released Claims, whether known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

19.     The Settlement Class Representatives and other Settlement Class Members shall be enjoined from prosecuting any claim they have released in the Settlement Agreement and as set forth in the preceding paragraphs in any proceeding against any of the Released Parties or based on any actions taken by any of the Released Parties that are authorized or required by the Settlement Agreement or by the Final Judgment.  It is further agreed that the settlement may be pleaded as a complete defense to any proceeding subject to the releases set forth in the Settlement Agreement and this Final Judgment.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

20.     This Final Judgment shall not be: (1) construed as an admission or concession by Yapstone of the truth of any of the allegations in the Consumer Action, or of any liability, fault or wrongdoing of any kind; or (2) construed as an admission or concession by the Settlement Class Representatives or the Settlement Class as to any lack of merit of the claims or the Consumer Action.

21.     The Settlement Agreement shall not constitute, and will not under any circumstances be deemed to constitute, an admission of wrongdoing or liability by any Party, such wrongdoing and liability being expressly denied and no final adjudication having been made. The Parties have entered into the Settlement Agreement solely as a compromise of all claims for the purpose of concluding the disputes between them, and the Settlement Agreement may not be used by any third party against any Party.  Pursuant to Federal Rule of Evidence 408, the entering into and carrying out of the Settlement Agreement, and any negotiations or proceedings related to it, shall not be construed as, or deemed evidence of, an admission or concession by any of the Parties or a waiver of any applicable statute of limitations, and shall not be offered or received into evidence in any action or proceeding against any Party in any court, administrative agency or other tribunal for any purpose whatsoever.

22.     Notwithstanding the foregoing, nothing in this Final Judgment shall be interpreted to prohibit the use of this Final Judgment in a proceeding to consummate or enforce the Settlement Agreement or Final Judgment, or to defend against the assertion of Released Claims in any other proceeding, or as otherwise required by law.

23.     Class Counsel have moved for an award for attorneys' fees, costs, and expenses. Pursuant to Rules 23(h)(3) and 54(d) of the Federal Rules of Civil Procedure, and having reviewed the Fee Request, supporting memorandum and associated papers and having considered the factors for assessing the reasonableness of a class action fee request, the Court makes the following findings of fact and conclusions of law:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

      a.      The Settlement confers monetary *cy pres* and non-monetary benefits on the Settlement Class that are substantial when assessed in light of the risk of establishing liability and damages in this case;

      b.      There were no objections by Settlement Class Members to the Settlement and/or Fee Request and such objections are overruled;

      c.      Class Counsel have effectively and efficiently prosecuted this difficult and complex class action on behalf of members of the Settlement Class, on a wholly contingent basis and with no guarantee they would be compensated for the significant time, resources, and expenses devoted to prosecuting the case;

      d.      Class Counsel undertook numerous and significant risks of nonpayment in connection with the prosecution of this action on behalf of the Settlement Class;

      e.      Class Counsel have reasonably expended over 705 hours and incurred substantial out-of-pocket expenses in prosecuting this action, with no guarantee of recovery;

      f.      The Settlement, which reflects a very successful outcome on behalf of the Settlement Class, was achieved for the benefit of the Settlement Class as a direct result of Class Counsel's skillful advocacy and high quality work on behalf of the Settlement Class;

      g.      The Settlement was reached following negotiations held in good faith, in the absence of collusion and under the supervision of a highly skilled mediator, former Judge Richard Kramer;

      h.      Settlement Class Members were advised in the Notice, which Notice was approved by this Court, that Class Counsel intended to move for an award of attorneys' fees, costs and expenses in an amount up to $300,000, which would be paid by Yapstone, separate and apart from the benefits to Settlement Class Members provided under the Settlement;

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

   i.  Class Counsel has moved for an award of attorneys' fees, costs and expenses in the amount of $300,00, which motion was granted on August 8, 2017 (ECF No. 84);

   j.  Under the Settlement Agreement, the finality of the Settlement is not dependent upon an award of attorneys' fees, costs, and expenses;

   k.  The hourly rates used by Class Counsel in calculating lodestar and the number of hours expended in prosecuting the case for the benefit of the Settlement Class are reasonable, as is the lodestar amount submitted by Class Counsel, which the Court has considered as one factor in evaluating the fee request.  The expenses necessarily incurred by Class Counsel as shown in Class Counsel's request for an award of attorneys' fees, costs and expenses are reasonable; and

   l.  In light of the factors and findings described above, Class Counsel's Fee Request is within the applicable range of reasonable awards.

   24.  Accordingly, Class Counsel are hereby awarded attorneys' fees, costs and expenses in the amount of $300,000.  (ECF No. 84.)  The Court finds this award to be fair and reasonable.  The Fee Award shall be paid to Class Counsel in accordance with the terms of the Settlement Agreement.  Class Counsel is solely responsible for distributing the Fee Award to any attorney that may claim entitlement to attorneys' fees, costs, or expenses in the Consumer Action.  Yapstone and the Released Parties are not responsible for Class Counsel's allocation of the Fee Award.

   25.  Class Counsel have also requested that Service Awards be approved and paid to Class Representatives in recognition of their services provided for the benefit of the Settlement Class.  The Court, having reviewed the Service Award Request, as well as the supporting memorandum and associated papers, hereby finds that the following service awards are fair, reasonable and appropriate in light of the service each Class Representative has provided on behalf of and for the benefit of the Settlement Class, and are hereby approved: (1) a service award payment in the amount of $2,000 to each of the Class Representatives Jonathan Koles,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Christopher Bonnema, Daniel Adams, James Mitchell, and Robert McGuire.  (ECF No. 84.)

Yapstone is directed to make such Service Award payments into a bank account to be designated

by Class Counsel in accordance with the terms of the Settlement Agreement and this Final

Judgment.

26.     At any time after entry of this Final Judgment, the Settlement Agreement may,

with approval of the Court, be modified by written agreement of Defense Counsel and Class

Counsel in their discretion without giving any additional notice to the Settlement Class, provided

that such modifications do not limit the rights of the Settlement Class Members under the

Settlement Agreement.

27.     The Court hereby **DISMISSES** the Consumer Action on the merits and with

prejudice, without fees, costs, or expenses to any Party except as provided in this Final Judgment

and any other Order awarding fees, costs, or expenses.

28.     If the Effective Date, as defined in the Settlement Agreement, does not occur for

any reason, this Final Judgment and the Preliminary Approval Order shall be deemed vacated and

shall have no force and effect whatsoever.

29.     If the Settlement Agreement is terminated, certification of the Settlement Class

will be vacated, and the Parties will be returned to their positions *status quo ante* with respect to

the Consumer Action as if the settlement had not been entered into.  In such event, the Settlement

Agreement and all negotiations, proceedings, documents prepared and statements made in

connection herewith shall be without prejudice to the Parties, and shall not be deemed or

construed to be an admission or confession by or against any Party of any fact, matter, or

proposition of law, whether in the Consumer Action or otherwise.

30.     Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the

authority to issue any order necessary to protect its jurisdiction from any action, whether in state

or federal court.

31.     Without affecting the finality of this Final Judgment, the Court will retain

jurisdiction over the subject matter and the Parties with respect to the interpretation and

- 11 -

implementation of the Settlement Agreement for all purposes, including enforcement of any of its terms at the request of any party and resolution of any disputes that may arise relating in any way to, or arising from, the implementation of the Settlement Agreement or the implementation of this Final Judgment.

32.     This Final Judgment shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

33.     Pursuant to Federal Rule of Civil Procedure 54(b), the Court determines that there is no just reason for delay and expressly DIRECTS that this Final Judgment be, and hereby is, entered as a final and appealable order.

**IT IS SO ORDERED.**

Dated: ___August 16, 2017___     _____
HON. JEFFREY S. WHITE